## John Puher, Appellant, *v.* United States Steel Corporation, Appellee.

Argued March 7, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*William S. Kreisher,* for appellant.

*Richard F. Lerach,* with him *James N. Diefenderfer,* for appellee.

OPINION BY JUDGE MENCER, April 4, 1975:

This case is before us as an appeal from the denial of a workmen's compensation claim by a referee, whose decision was affirmed by the Workmen's Compensation

Board (Board) and by the Court of Common Pleas of Columbia County. We affirm.

The record discloses that John Puher (claimant) was employed by United States Steel Corporation (employer) as an "assembler" or "repairman" of munitions. In April 1969, claimant's job assignment encompassed the task of standing ammunition cases, weighing around 165 pounds, on end as they came along a conveyor and of rolling these cases on end for about 5 feet. The record indicates that near the end of his shift on or about April 9, 1969, while engaged in this activity, claimant felt something snap in his lower back. After a few weeks of intermittent work, claimant's back became so painful as to disable him.

Claimant alleges that on the day in question he was pressed into handling more shells than usual in a shorter period of time than usual due to a decreased number of fellow employees. Claimant further contends that his duties on that date were, therefore, unusual for him and that he was under the impression of being pushed or rushed by his foreman.

In reviewing this case, we must keep in mind the fact that the alleged accident occurred, and the Board's decision was rendered, prior to the 1972 amendments to The Pennsylvania Workmen's Compensation Act[1] and therefore our holding in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), is not applicable here. Because of this, and since the decision of the Board was against the claimant, our scope of review is limited to a determination of whether the Board's findings of fact are consistent with each other and with its conclusions of law and the order and can be sustained without a capricious disregard of the evidence. *Whitehead v. Casey Building*

---

1. Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §1 et seq.

*Wreckers, Inc.*, 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972). We must also construe the evidence favorably to the party who prevailed before the Board. *Stump v. Follmer Trucking Company*, 4 Pa. Commonwealth Ct. 110, 286 A. 2d 1 (1972).

Here our review centers on whether the referee's seventh finding of fact, which was affirmed and further explained by the Board, can be sustained without a capricious disregard of the evidence. The referee and the Board found that "claimant failed to prove that he suffered an accident in the course of his employment by defendant" and that at the time claimant allegedly injured his back "he was performing his usual work in the usual manner." The Board therefore premised its conclusions on the theory that claimant failed to prove he sustained an accident within the meaning of the law.

In order to claim benefits under the Act, prior to the amendments, claimant had to relate his disability to an accident within the scope of his employment, in accord with Section 301 (c) of the Act, *as amended* by the Act of June 21, 1939, P. L. 520, §1. There were generally four categories of accidents which had been recognized under the decided cases: (1) a sudden, unexpected traumatic event such as a fall or blow, (2) unusual exertion in the course of work causing an unexpected and sudden injury, (3) an unusual pathological result of an ordinary condition of work, and (4) a sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee. *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, A. 2d 632 (1972).

Claimant contends that his injury falls within the second type of accident which has been often referred to as the "unusual strain doctrine" or the "unusual exertion doctrine." Traditionally, the doctrine of unusual exertion has envisoned a claimant faced with a personally unusual emergency situation, who must then make a personally unusual physical effort, not normally connected with his

work, in order to meet the situation. *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969).

Claimant's contentions in support of the unusual strain doctrine are that he was rushed in his work by his foreman and that he was doing a more difficult job than was normal with less help than was normal. Actually, claimant admitted having done this job on previous occasions. The employer supplied sufficient contrary testimony on all of these points to raise serious doubts about claimant's statements. This testimony of the foreman and the equivocacy of the claimant's testimony enabled the Board to find against claimant without a capricious disregard of the evidence. The findings reveal that the Board did consider all of the testimony and exercised its fact-finding discretion in its ruling on claimant's individual work history. Since the Board has properly exercised its powers in conformance with the law, we must affirm.

Order affirmed.