R. M. Kerner Company and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Ronald Schaack, Appellees.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Howard N. Plate*, with him *Plate, Doyle, Kroto* and *Hutzelman*, for appellants.

*James P. Lay, III*, with him *Gifford and Lay*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, April 4, 1975:

The narrow issue in this workmen's compensation case is the propriety of the reversal of a referee's finding by the Workmen's Compensation Board (Board) and the substitution of its own findings in reaching a conclusion that Ronald Schaack (claimant) was entitled to compensation benefits.

Claimant was employed as a saw operator by the R. M. Kerner Company when, on September 17, 1971, he injured his back while manipulating a heavy piece of steel into position on his work table.

Claimant was denied compensation as a result of the following findings of fact of the referee:

"SEVEN: The claimant did not slip, twist or fall on September 17, 1971.

"EIGHT: On September 17, 1971, the claimant was doing his usual work in the usual manner and the said work did not require a greater amount of exertion, risk or exposure than that to which the claimant was ordinarily subjected."

Claimant appealed to the Board, which, on December 18, 1973, without taking additional evidence, reversed the order of the referee denying compensation. In so doing, the Board set aside the referee's finding number eight and substituted the following findings :[1]

"EIGHTH: On September 17, 1971, the Claimant was engaged in a work of a different nature which required a materially greater amount of exertion, risk or hazard than that to which he was ordinarily subjected during his employment.

"NINTH: That on September 17, 1971, Claimant suffered injury to his back as a result of pushing an unusually large piece of steel hanging from a hoist, and as he was pushing, the steel beams that he was standing on began to roll and Claimant's back was jarred."

Of course, the propriety of the Board's substitution of its own findings for the finding of the referee is governed by our frequently cited decision in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). In *Cyclops* we stated that the 1972 amendments to Section 423 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §854 (Supp. 1974-75), make the referee, not the Board, the ultimate fact finder and that the Board, unless it chooses to hear new evidence, is bound by the referee's findings of fact if these are supported by competent evi-

---

1. The Board's substituted findings had the legal result of making claimant's accident compensable under Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S: §411. *See Hinkle v. H. J. Heinz Co.,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972).

dence. We also held that this change in the Board's scope of review is procedural and applies to all cases which the Board decided after May 1, 1972. Since the Board decided the present case after May 1, 1972, without taking additional evidence, it was error for the Board to substitute its findings for the referee's unless the latter is not supported by competent evidence in the record.

Our careful examination of the record convinces us that the referee's finding number eight is supported by competent evidence; namely, the following excerpt from a statement given by claimant shortly after his injury to an agent of employer's insurance company:

"I reported for work September 17, 1971 at 7:00 o'clock a.m. and went right on the saw cutting steel. About 10:30 a.m. I was trying to place a 12 foot 8 inch in diameter piece of steel onto the table with the aid of a hoist and when I pushed on the steel to get it over to the table, while it was raised on hoist, I felt a pain in my back. *I did not slip, fall or twist. There was nothing unusual and I have been handling steel this way for the past five and a half months."* (Emphasis added.)

Although claimant testified differently at the hearing before the referee, the issue was one of credibility, and the referee decided to give more weight to claimant's earlier statement. This was within his province as fact finder, and the Board and this Court are bound by his determination.

Our scrutiny of the Board's opinion reveals that, in addition to the Board's substitution of its findings for the referee's finding number eight in order to award compensation under the "unusual exertion" classification of a compensable accident, the Board alternately concluded from its ninth finding that claimant was entitled to compensation under the "sudden, unexpected traumatic event" classification of a compensable accident. Unfortunately, the Board's ninth finding and its subsequent

conclusion are precluded under our holding in *Cyclops* by the referee's finding that "[t]he claimant did not slip, twist or fall on September 17, 1971." This finding is also supported by the statement given by claimant shortly after his injury.

In conclusion, we find that the Board erred in reversing finding of fact number eight of the referee. We also find that this finding and finding of fact number seven adequately support the referee's conclusion of law that claimant is not entitled to compensation.

Therefore, we issue the following

## ORDER

AND NOW, this 4th day of April, 1975, the December 18, 1973 order of the Workmen's Compensation Appeal Board, relative to the claim of Ronald Schaack is hereby reversed.