Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Dorothy L. McCoy *v.* D. L. Clark Company, Appellant.

Argued March 4, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

Held: Order vacated. Case remanded.

*Robert G. Simasek*, with him *Stein and Winters*, for appellant.

*Michael B. Kaleugher*, with him *Rosenberg, Kirshner & Kaleugher*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE BLATT, May 28, 1976:

This is an appeal by the D. L. Clark Company (Clark) from a decision and order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to grant total disability benefits to Dorothy L. McCoy (claimant) for injuries suffered at work on January 15, 1971.

The claimant had been employed as a production line worker by Clark, a candy manufacturer, where her duties included responsibility for supplying empty two-pound candy boxes to a candy packing machine. The empty

boxes were contained in cases weighing from thirty to thirty-five pounds each, which were located on the floor underneath a conveyor belt where the claimant worked. On Friday, January 15, 1971, she was attempting to lift one of these cases when she experienced pain in her back. She completed work that day, but her back discomfort became so severe as to prevent her from returning to work on Monday, January 18, 1971, or any time thereafter. She then filed for disability benefits pursuant to the provisions of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §1, et seq.

Hearings were held in March and May of 1972 before a referee who received various medical records and took testimony from both the claimant and the employer indicating, *inter alia*, that the claimant had previously suffered a compensable back injury in a job-related accident in May of 1967. The referee concluded, however, that the claimant sustained a disabling injury in an accident on January 15, 1971 and awarded total disability benefits. On appeal, the Board remanded the case back to the referee for a determination as to whether or not the injuries sustained on January 15, 1971 were actually caused by the lifting incident on that date or by the prior incident in May of 1967.[2]

---

1. Act of June 2, 1915, P. L. 736, *as amended.*

2. This was, of course, one of those situations arising under the 1972 procedural amendments to the Act, empowering the Board to remand a case for the taking of additional testimony. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). It must be remembered, however, that while the 1972 amendments to the Act governed the procedural matters of this case subsequent to May 1, 1972, *Forbes Pavilion Nursing Home, supra; Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), the substantive law of the case is controlled by the provisions of the Act in effect at the time of the alleged incident.

Upon remand, the referee took additional testimony from the claimant and received into evidence the depositions of the claimant's physician and of two of Clark's physicians. He then issued a second decision on May 21, 1975 concluding that the claimant's disability *was* directly caused by the lifting incident on January 15, 1971, and again he awarded total disability benefits. The Board affirmed on appeal and Clark has now appealed to this Court.

Our scope of review in a case such as this where the Board has taken no additional evidence is limited to a determination of whether or not constitutional rights were violated, an error of law was committed or a necessary finding of fact made by the referee was unsupported by substantial competent evidence. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975) ; *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Because the claimant's injury, here, occurred in 1971, it was necessary for her to prove that the accident occurred in the course of her employment in order to establish that she was entitled to workmen's compensation benefits. *Page's Department Store v. Velardi,* Pa.        , 346 A.2d 556 (1975). In both his first and second decisions, the referee broadly concluded that an accident had taken place on January 15, 1971. We are led to believe, by our reading of those decisions, however, that he did not understand the legal concepts embodied in the terms of his conclusion. These concepts are discussed in a well-established body of case law and need not be fully discussed here. *See Page's Department Store, supra.* We shall merely say that our Supreme Court has made it clear that the element of unexpectedness or unforseeability, generally associated with accidents, may

be supplied not only by the manner in which the injury occurred but also by the circumstances causing the injury or in the nature of the injury itself. *Hinkle v. H. J. Heinz Company*, Pa. , 337 A.2d 907 (1975). Here it is apparent, and the referee so found, that there was a causal relationship between the claimant's injury and the events of January 15, 1971. The evidence also suggests that the claimant was performing her normal work duties when the injury occurred. The referee, however, failed to make a finding on this point. If he had so found, she might have established an accident under the "unusual pathological result doctrine" described in *Page's Department Store, supra,* and in *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975). On the other hand, had the referee found that the claimant's injury had resulted from an abnormal over-exertion on the job, she might have established an accident under the "unusual strain doctrine" described in *Dunlap, supra.* Recognition of these distinctions is significant in view of the fact that the claimant had suffered a pre-existing back injury. Under the unusual pathological result doctrine, for example, there can be no recovery if it is shown that this pre-existing physical condition was a *contributing* cause of the claimant's current injury. Because the referee failed to make findings directed to these vital issues,[3] we must remand this case for findings of fact necessary to reach a legal conclusion as to whether or not the claimant suffered a compensable accident.

We, therefore, issue the following

---

3. In its discussion the Board appears to draw its own factual conclusion that, based on Dr. Blakely's testimony, the claimant's prior back problems were unconnected with the claimant's injury caused by the subsequent events of January 15, 1971. Such a conclusion is not obvious from his testimony and this is a finding of fact which should have been left to the referee.

### ORDER

AND, NOW, this 28th day of May, 1976, the order of the Workmen's Compensation Appeal Board is hereby vacated and the record is remanded to the Board for further proceedings consistent with this opinion.

Judge KRAMER did not participate in the decision in this case.