Remmey Div., A. P. Green Refractories Co. and Pennsylvania Manufacturers' Association Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Makarewich, Respondents.

John Makarewich, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Remmey Div., A. P. Green Refractories Co. and Pennsylvania Manufacturers' Association Insurance Company, Respondents.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Earl T. Britt,* with him *Mary H. Cosby,* and *Duane, Morris & Heckscher,* for Remmey Div., A. P. Green Re-

fractories Co. and Pa. Manufacturers' Association Insurance Company.

*Paul Auerbach,* for John Makarewich.

OPINION BY JUDGE BLATT, July 2, 1979:

The Remmey Division of A. P. Green Refractories Company (employer) and John Makarewich (claimant) have cross-appealed from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's decision awarding compensation for total disability but denied attorney's fees and costs.

The claimant was employed as a press operator, but when no press work was available, he was routinely assigned to loading railroad cars with bricks and tiles. Between June 28 and 30, 1971, the claimant was loading railroad cars with heavy tiles, lifting them over his head without assistance. At some point during this operation, he felt a "snapping sensation" in his left shoulder. Subsequently, he was admitted to a hospital for the treatment of an apparently unrelated hernia and the removal of fluid that had built up in his left shoulder and arm. When he filed a claim for compensation under The Pennsylvania Workmen's Compensation Act (Act),[1] it was premised on the theory of "unusual strain"[2] because the injury here had occurred prior to the 1972 amendments to the Act. A hearing was held, at which three physicians testified, two for the employer and one for the claimant. After the hearing was closed, however, the presiding referee was rendered unavailable. Another referee was therefore ap-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

[2] "Under this doctrine, a claimant has suffered a compensable 'accident' when he or she suffers an 'unusual exertion in the course of work causing an unexpected and sudden injury.' . . ." *Workmen's Compensation Appeal Board v. Olivetti Corp. of America,* 26 Pa. Commonwealth Ct. 464, 466-67, 364 A.2d 735, 736-37 (1976).

pointed, who, after reviewing the record, found that the task in which the claimant was engaged at the time of the injury did not involve any unusual stress, and also found no causal connection between the claimant's employment and his present disability which was described as "a conversion hysteria and an old destructive lesion to the left shoulder." The Board disagreed on appeal, ruling that the referee had capriciously disregarded the claimant's evidence as to the nature of his task and as to the causal connection between it and his disability. The case was therefore remanded to the second referee, who, after re-examining the record, indicated in his second decision that the claimant was subjected to an unusual stress and found:

As of July 1, 1971 the Claimant was unable to perform the duties of a press operator and laborer and such disability continued up to the present time and for indefinite time into the future. Further, that the incident described [above] either precipitated or aggravated the disabling pathology, namely the destructive lesion in the left shoulder area, which if preexisting, had certainly not hitherto been disabling.

The referee thus made an award based on the existence of total disability and interest on accrued compensation was fixed at six percent per annum. He also found, however, that the employer had established a reasonable basis for the contest. The Board affirmed and both parties appealed.

The employer argues that the Board erred when it concluded that the referee, in his first opinion, had capriciously disregarded the evidence, that there was no finding in his second opinion upon which an award of total disability could be based, and that any compensation awarded should have been for the specific loss

of an arm rather than for total disability.[3] The claimant contends that there was no reasonable basis for the employer's contest and that he was entitled to attorney's fees and other costs under Section 440 of the Act, 77 P.S. §996, and to a penalty hearing under Section 435(d)(i), 77 P.S. §991(d)(i). He also claims interest at 10% per annum.

Our review of the record convinces us that the Board was correct when it held that the referee's findings in his first decision demonstrated a capricious disregard of the evidence.

As to the nature of the claimant's task when injured, the referee found in his first opinion:

That on June 28, June 29 and June 30 of 1973, the claimant performed the loading operation in question substantially in the same manner as he performed this function in the past (without assistance, lifting above head level, and without a wooden bench [to stand on].)

Further that at the time in question, the claimant handled bricks weighing substantially the same weights as he had handled in the past.

In fact, as the Board pointed out, the unrebutted evidence established that, while the claimant had in the past loaded *bricks* (averaging 10 lbs.) unassisted, lifting them above his head, he had never been required, as he was on this occasion, to lift the heavier *tiles* (averaging 40-79 lbs.), without a bench and unassisted, to a level over his head. We agree with the Board, therefore, that there was no evidence to support the findings of the referee. Likewise, we agree with the Board that, although a referee is not required to accept as true even uncontradicted evidence, the referee here had no

---

[3] The employer also argues that the Board imposed certain findings on the referee on remand; however, this contention is totally without merit, and we shall therefore not discuss it.

basis to question the credibility of the claimant, for he had neither seen him nor heard his testimony, and he suggested no reason why the claimant's testimony might not be credible.[4] We believe, therefore, that the Board properly vacated his findings and remanded the case for further consideration, after which the referee then found that the claimant was not performing his normal work activity at the time he was hurt. Moreover, our reading of this record supports the referee's conclusion in his second opinion that the claimant sustained an accident under the unusual strain doctrine. *See Workmen's Compensation Appeal Board v. Olivetti Corp. of America,* 26 Pa. Commonwealth Ct. 464, 364 A.2d 735 (1976).

On the issue of causal connection, the Board held in its remand, that "[t]he only competent evidence in the record, whether reviewing the testimony of one or another of the three physicians, is that there was some causal connection between claimant's disabling symptoms and his exertions on those June days." Again, we must agree with the Board, and we note further that, in light of this testimony,[5] a contrary finding

---

[4] We are, in addition, impressed with the claimant's argument that when the referee has not seen or heard the witnesses, his findings are entitled to less deference. *Cf. Vajentic Estate*, 453 Pa. 1, 306 A.2d 300 (1973).

[5] Doctor Tornay, called by the employer, testified in pertinent part as follows: .

REFEREE: Is your answer, doctor, that this occurrence did in some way bring about, using the word increase in pressure, did that bring about his relationship to the conditions that you found later?

A. Yes, because you see he had the disorder already.

REFEREE: We understand that.

A. No question in my mind, the increase in use created an increase in symtomatology, I agree to it.

REFEREE: Would you call it an aggravation of his previous condition?

A. It's an aggravation of a pre-existing disorder.

could only be characterized as demonstrating a capricious disregard of the evidence. *See Workmen's Compensation Appeal Board v. Winkleman*, 19 Pa. Commonwealth Ct. 33, 339 A.2d 647 (1975). The employer argues, nevertheless, that the referee made no finding in his second opinion on which to base an award for total disability, and that, in any event, the evidence establishes only a loss of use of the claimant's left arm. The referee's finding number 8 quoted above, however, clearly states that the claimant is no longer able to work in his former capacity as a press operator or laborer, and once a claimant has demonstrated that he can no longer perform the kind of work in which he

---

Doctor Kaplan, also called by the employer, did not disagree:

A. If that history is accurate and the man developed . . . fluid a week afterwards that had to be aspirated then one would have to indicate there has been an exacerbation of preexisting lesions and whether or not what I saw in 1973 reflected any residual of that acute exacerbation I would be unable to say with any medical certainty. . . .

. . . .

A. I have already testified that I felt it was entirely conceivable that the man had an aggravation of a previous condition.

Dr. Silverstein, called by the claimant, gave unequivocal medical evidence of causation:

A. I believe that the type of exertion that he had as described in the manner that was described; that is stretching the arm above the head, lifting heavy objects, actually in addition to causing an aggravation of his shoulder joint, which goes with a great deal of accumulation of fluid—also resulted in a compression or damage to the brachial plexus which caused changes such as weakness in his left upper limb, atrophy, wasting of muscles and loss of reflexes controlled by these nerve elements.

Of course, compensation can be awarded under the unusual strain doctrine whether the strain precipitates the injury or aggravates a preexisting condition. *Borough of Aliquippa v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 340, 336 A.2d 450 (1975); *Muser v. I.B.M. Corp.*, 13 Pa. Commonwealth Ct. 12, 317 A.2d 352 (1974).

was engaged when hurt, it is for the employer to prove that other work is available to the claimant. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968). The employer here did not discharge this burden, and the claimant was therefore entitled to an award for total disability. *See Workmen's Compensation Appeal Board v. McGraw Edison*, 20 Pa. Commonwealth Ct. 548, 342 A.2d 445 (1975). There was, moreover, competent medical testimony that the claimant's injuries encompassed his shoulder as well as his arm, so the referee was clearly not bound to find a specific loss confined to the claimant's left arm.[6] *Spina v. Gahagan Construction Corp.*, 184 Pa. Superior Ct. 420, 135 A.2d 760 (1957).

The claimant here challenges the Board's ruling that Sections 440 and 435 of the Act[7] are substantive amendments and thus do not apply here because his injury occurred prior to their effective date. Section 440, of course, provides that an insurer must pay certain costs and attorney's fees if it contests liability and the claimant ultimately prevails; however, if the insurer establishes a reasonable basis for the contest, attorney's fees may be excluded. Section 435, on the other hand, provides for the imposition of a penalty for noncompliance with the Act or the regulations promulgated thereunder.

As to Section 440, we have previously considered its operation and have held that it is procedural, *Workmen's Compensation Appeal Board v. Levy*, 363 A. 2d 884 (Pa. Commonwealth Ct. 1976); *Workmen's Compensation Appeal Board v. Denny*, 25 Pa. Commonwealth Ct. 395, 360 A.2d 306 (1976). As to Section 435, therefore, we see no reason why it should

---

[6] Dr. Silverstein testified that the claimant had a further disability which he characterized as "a psychogenic condition, or what we call a conversion hysteria, conversion syndrome."

[7] 77 P.S. §§996 and 991.

not be similarly construed and applied. In the instant case, the referee determined that a reasonable basis for contest existed, and we are unable to conclude otherwise. It is true, as the claimant argues, that the evidence as to causation and the circumstances of the accident supported only his position, but on at least one other issue—the extent of his disability[8]—there was conflicting medical evidence which could justify a contest. We believe that the claimant, therefore, is not entitled to attorney's fees, nor to a penalty, for the request for such is also based on the allegation that the contest was unreasonable. The claimant is entitled, however, to his other costs under Section 440, and we will therefore remand this matter to the Board for the determination of a reasonable sum.

Finally, in *Jeannette Foods, Inc. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 107, 394 A.2d 1309 (1978), we held that a claimant was entitled to 10 percent interest under Section 406.1 of the Act[9] as to compensation payments which accrue after the effective date of the 1972 Amendments, regardless of the date on which the underlying injury occurred. We agree with the claimant, therefore, that he is entitled to 10 percent interest on compensation accrued after April 8, 1972.

The order of the Board, therefore, will be modified and affirmed.

### · ORDER

AND Now, this 2nd day of July, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is modified as follows and af-

---

[8] The employer's witness, Dr. Tornay, characterized the claimant's disability as "mild." There was also some question as to the relationship between the conversion hysteria and the unusual strain incident and as to the authenticity of the conversion hysteria.

[9] 77 P.S. §717.1.

firmed: Judgment is entered in favor of John Makarewich and against Remmey Division, A. P. Green Refractories Co. The employer and/or its insurer will pay compensation to the claimant at the rate of $60.00 per week beginning July 1, 1971, and continuing for so long as he is totally disabled. Interest on compensation accrued after April 8, 1972, shall be paid at the rate of 10 percent per annum. The case is remanded to the Board for the determination of a reasonable sum for costs incurred as provided by Section 440 of the Act.