William J. Simpson, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Borough of Marple and Pennsylvania National Insurance Company, Respondents.

Submitted on briefs, October 3, 1979, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Michael A. Paul*, with him *Richard, Brian, DiSanti & Hamilton*, for appellant.

*Thomas R. Bond*, with him *LaBrum and Doak*, for appellee.

OPINION BY JUDGE MENCER, December 17, 1979:

In this workmen's compensation appeal, the sole issue is whether the Township of Marple (employer) is entitled to a credit against compensation payable to William J. Simpson (petitioner) for his medical and hospital expenses, which were paid by Blue Cross and Blue Shield (BC & BS), and for which no subrogation interest has been asserted. The Workmen's Compensation Appeal Board (Board) granted the credit, and petitioner appeals to this court.[1] We affirm.

Petitioner argues that, since the BC & BS payments were a benefit provided under the collective bargaining agreement, employer should not be allowed to

---

[1] The Board otherwise ruled that petitioner had suffered a compensable injury and was entitled to compensation.

use those payments as a credit towards meeting its workmen's compensation obligations. We have recently determined, however, that whether or not such payments may be credited against an employer's workmen's compensation obligations "depends not upon whether the payments are categorized as a benefit of a collective bargaining agreement, but rather whether the payments were made as wages for work performed or in relief of the employee's incapacity to labor." *Steinle v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 241, 246, 393 A.2d 503, 506 (1978). The criterion, then, for allowing a credit is whether the claimant would be required to "deplete benefits . . . which could have been used for other purposes." *Workmen's Compensation Appeal Board v. Olivetti Corp. of America*, 26 Pa. Commonwealth Ct. 464, 470, 364 A.2d 735, 738 (1976). Here, petitioner was not required to deplete benefits that would have been otherwise due him or which could have been used for other purposes. Thus, employer is entitled to the credit. *See Steinle, supra,* and *Olivetti, supra.*

Petitioner argues, however, that public policy permits simultaneous recovery by him from both employer and a private health insurance plan for the injuries sustained. *See General Tire & Rubber Co. v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 473, 332 A.2d 867 (1975). *General Tire,* however, can be easily distinguished by the fact that here petitioner failed to provide any evidence that his bills were paid by a private insurance plan for which he paid premiums. Furthermore, the Board found as a fact that BC & BS coverage was provided by the employer, a finding which was supported by the record. A further distinguishing factor is that, in *General Tire,* the group health benefits received by claimant were for viral bronchitis and intercostal neuritis which

54

did not result from an injury in the course of his employment.

Accordingly, we enter the following

ORDER

AND Now, this 17th day of December, 1979, the order of the Workmen's Compensation Appeal Board, dated April 20, 1978, is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of William J. Simpson and against the Township of Marple and its insurance carrier, Pennsylvania National Insurance Company, in the amount of $60 per week for the period from March 6, 1972 to and including June 12, 1972, together with interest at the rate of 6 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act. The Township and/or its insurance carrier is further directed to reimburse claimant for drugs, in the amount of $300.18, and for services by Dr. Schwartz, in the amount of $31. The Township and/or its insurance carrier shall pay directly to claimant's attorney 20 percent of all compensation and interest thereon payable to claimant out of the claimant's compensation and interest and shall pay the balance of the compensation and interest directly to claimant.