D. L. Clark Company, Petitioner *v.* Dorothy L. McCoy, Respondent.

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Daniel F. Cusick,* with him *George M. Evan, Stein & Winters,* for petitioner.

*Michael B. Kaleugher, Rosenberg, Kirshner & Kaleugher,* P.A., for respondent.

OPINION BY JUDGE BLATT, July 3, 1980:

The D. L. Clark Company (employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of compensation to Dorothy L. McCoy (claimant).

Claimant suffered a work-related injury to her back on January 15, 1971. She filed a compensation claim for total disability which was granted by a referee and upheld by the Board. The employer then appealed here and we noted that, because the injury occurred prior to the 1972 amendments to The Pennsylvania Workmen's Compensation Act (Act),[1] it was

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

necessary for the claimant to prove that she had suffered an "accident" within the meaning of the Act. We concluded, moreover, that the referee had not made adequate findings to support an award under either the "unusual pathological result doctrine" or the "unusual strain doctrine," and we therefore remanded. *Workmen's Compensation Appeal Board v. D. L. Clark Co.*, 24 Pa. Commonwealth Ct. 657, 358 A.2d 112 (1976). The referee, in view of our remand, then issued a new decision which contained the following pertinent findings:

Seven: On January 15, 1971, while in the course of her employment with Defendant, this Claimant sustained an accidental injury which has rendered the Claimant totally disabled.

Eight: On January 15, 1971, the Claimant was performing a different job than her usual job. The job that the Claimant was performing required her to work on an automated conveyor type machine. While the Claimant was in the process of supplying boxes to perform her function, and because of an inadequate supply of boxes, it was necessary that she proceed under the conveyor belt and while in the unusual position and while hurrying, and while pushing, pulling and tugging on a box without a good grip on same, and while in close quarters, struggling, the Claimant sustained an accidental injury to her back.

Nine: The accidental injury to her back was directly related to the episode of January 15, 1971 and directly arose and was caused by same.

The referee therefore awarded compensation to the claimant and the Board affirmed.

The employer now argues (1) that the claimant's evidence does not support an award under either the

unusual strain or unusual pathological result doctrines and (2) that the medical testimony does not support the finding that her injury was related to her employment. We, however, cannot agree.

In *Workmen's Compensation Appeal Board v. Olivetti Corp. of America,* 26 Pa. Commonwealth Ct. 464, 467, 364 A.2d 735, 736-37 (1976), we stated the claimant's burden under the unusual strain doctrine:

[A] claimant must establish that the injury was the result of unusual physical effort exerted to meet an unusual situation and that, considering the individual work history of the employe, the effort was not normally connected with his or her work.

Here, while there is some question as to what the claimant's usual job was, we believe that there is substantial evidence to show that the *task* in which she was engaged when injured *was* unusual and *did* require an unusual physical effort. We believe therefore that the evidence supports an award under the unusual strain doctrine. *See A. P. Green Refractories Co. v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979); *Workmen's Compensation Appeal Board v. Olivetti Corp. of America, supra.*

As to the claimant's medical testimony, the employer argues that it was based on an erroneous history given by the claimant to the physician and that, therefore, it cannot establish a causal link to her work. Even if this were true, however, the claimant herself testified that she experienced a symptomatic pain in her back at the point of stress, and the fact-finder accepted this testimony as convincing. And, as our Supreme Court has said, "Where one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury *may* be found to have been established. Pain is an excellent symptom

494

of an injury." *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 424, 397 A.2d 415, 416 (1979). (Emphasis added.) We shall therefore affirm the Board.

ORDER

AND Now, this 3rd day of July, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed; judgment is entered in favor of Dorothy L. McCoy and against D. L. Clark Company, self-insured, which is ordered to compensate her at the rate of $57.33 per week, commencing on June 19, 1971, and continuing for so long as she is totally disabled, and to reimburse her for all her statutory medical expenses. Deferred compensation shall bear interest at the statutory rate.