**Lillian GLASSMAN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1996.

Decided April 15, 1996.

Reargument Denied June 10, 1996.

Brian R. Steiner, for Petitioner.

James M. Pacious, for Respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Lillian Glassman (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed in part and affirmed in part a Workmen's Compensation Judge's (WCJ) grant of Claimant's penalty petition. We reverse in part and affirm in part.

Claimant suffered a work-related injury on March 8, 1989, sustaining injuries to her left hip and leg. The City of Philadelphia (Employer) denied liability and the case proceeded before Referee Hagan who granted Claimant's claim petition and awarded benefits from March 8, 1989 through April 24, 1989 as well as five individual days thereafter. Referee Hagan also ordered Employer to pay over $22,000 in medical expenses and attorney's fees in the amount of 20% because of Employer's unreasonable contest, as Employer did not present a defense.

The Board affirmed in part and reversed in part finding that Referee Hagan erred in ordering Employer to pay Claimant all of the medical costs. The Board concluded that Employer was entitled to a credit against Claimant's medical costs because a majority of these costs had already been paid by Claimant's employee medical insurance company. The Board ordered Employer to pay all of Claimant's unpaid medical bills, but affirmed in all other respects Referee Hagan's order.[1]

On October 13, 1992, Claimant filed the penalty petition at issue in this case. Claimant alleged that Employer had failed to compensate Claimant as ordered by the Board in its first decision on June 8, 1992 and Referee Hagan's decision on July 17, 1991. Thereafter, on November 14, 1992, Employer paid Claimant $3,833.35 representing Claimant's unpaid medical payments and also paid Claimant's attorney $568.79 in counsel fees.

On March 25, 1994, WCJ Lundy[2] granted Claimant's penalty petition and ordered Employer to pay: (1) 20% of the amount ordered in the Board's first opinion to Claimant, (2) 20% of this aforementioned penalty as a counsel fee to Claimant's attorney and (3) 20% of Referee Hagan's initial award of counsel fees minus the $568.79 already paid to Claimant's attorney by Employer. WCJ Lundy found that Claimant was entitled to the aforementioned penalties because of Employer's unreasonable delay of more than five months to compensate Claimant pursuant to the Board's June 8, 1992 decision.

The Board affirmed in part and reversed in part WCJ Lundy's decision. The Board affirmed the 20% penalty awarded to Claimant, 20% of which to be awarded to Claimant's attorney, but reversed the award of 20% of counsel fees based on the amount awarded by Referee Hagan. The Board found WCJ Lundy's award inappropriate as the Board, in its first decision, credited the amount of Claimant's medical expenses Employer was obligated to pay. This appeal followed.

■ On appeal before this Court,[3] Claimant argues that the Board erred in reversing WCJ Lundy's decision ordering Employer to pay penalties in the form of counsel fees based upon 20% of Referee Hagan's decision.

---

1. This decision was not appealed by either party to this Court.

2. Pursuant to the 1993 amendment to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 701, referees are now called Workers Compensation Judges (WCJ). *See* Act 44, Act of July 2, 1993, P.L. 190. However, as Referee Hagan's decision was decided before the effective date of the amendments, August 31, 1993, we will refer to him as a referee, but we will refer to WCJ Lundy as judge because her decision was handed down subsequent to the effective date of the amendments.

3. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Specifically, Claimant argues that the Board, in its first decision, merely granted Employer a credit and did not reduce the amount of Referee Hagan's initial award. We agree.

The Board, in its first decision, clearly explained that it was crediting Employer for those medical bills which had been paid by Claimant's employee medical insurance. The Board, in its first decision, wrote:

Under the cases cited, the defendant/employer **is entitled to credit against workmen's compensation payable** to the claimant for medical and hospital expenses which were paid by Blue Cross and Prudential Insurance Company as no subrogation interest has been asserted by either of those health providers.[4]

Referee Hagan found as fact that Claimant's medical expenses were reasonable and necessary and directly related to Claimant's work-related injury. The Board, on appeal, noted that Employer did not contest the reasonableness of the medical bills, but rather requested the Board to **credit** Employer.

■ This Court has allowed a credit against an employer's workmen's compensation obligation when the claimant would be required to deplete benefits which could have been used for other purposes. *School District of Philadelphia v. Workmen's Compensation Appeal Board (March)*, 109 Pa. Cmwlth. 463, 531 A.2d 547 (1987). It is possible, in certain situations, for a claimant to collect simultaneous recovery from the employer and an insurance company; however, this Court has held that the crucial factor in the determination is the identity of the party who is paying for the insurance benefit. *Humphrey v. Workmen's Compensation Appeal Board (Supermarket Service)*, 100 Pa. Cmwlth. 33, 514 A.2d 246 (1986).

In *Simpson v. Workmen's Compensation Appeal Board*, 48 Pa.Cmwlth. 51, 408 A.2d 1186 (1979), this Court did not allow a claimant to collect simultaneous recovery because the employer in *Simpson* had paid for the claimant's insurance benefits and was consequently entitled to a credit. This is the same situation in this case. Employer provided to Claimant her employee medical insurance which paid for the majority of Claimant's medical bills. Therefore, since Employer had paid for the insurance benefits in the first place, the Board, in its first decision, did not commit an error of law in crediting Employer's obligation to pay for Claimant's medical bills.

The Board, however, in its second decision, did commit an error of law in concluding that the Board, in its first decision, **reduced** the amount that Referee Hagan had awarded Claimant. The Board, in its second decision, wrote:

Claimant's counsel is seeking personal commission on the entire medical expenses, despite the fact that the Board ruled that Claimant was not entitled to them since more than $20,000 of the medical expenses had been paid by Claimant's health insurance carriers.[5]

The Board, in its first decision, **credited** Employer with the amount which was paid by Claimant's employee medical insurance. In essence, Employer's liability for the medical costs ordered by Referee Hagan was not questioned or reduced by the Board, in its first decision. Referee Hagan found that Claimant's medical expenses of over $22,000 was reasonable, and this decision was not raised on appeal by Employer.

Clearly, since the Board, in its first decision, credited Employer with the amount, the Board, in its second decision, erred in finding that the award had indeed been reduced. As such, WCJ Lundy's penalty award of attorney's fees based on 20% of Referee Hagan's original award was not in error, and must be reinstated. Since the Board, in its first decision, credited Employer, it still determined that Employer was liable for these costs and as such we reverse the Board's second decision to the contrary.

Additional support for this conclusion can be found in the Act itself. Section 435(d)(i) of the Act states:

Employers and insurers may be penalized a sum not exceeding ten percentum **of the**

---

4. In pertinent part from the Board's first decision dated June 8, 1992.

5. In pertinent part from the Board's order of October 11, 1995.

**amount awarded** in interest accrued and payable: Provided, however, That such penalty may be increased to twenty per-centum in cases of unreasonable or excessive delays. Such penalties shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991(d)(i).

The language in Section 435(d)(i) of the Act specifically states penalties may be awarded based upon **the amount awarded.** In this case, Referee Hagan originally awarded Claimant all of her medical costs finding them reasonable. The Board affirmed this determination but gave Employer a credit for Claimant's medical bills already paid. Therefore, as the amount was not reduced as an award, but was merely credited to Employer, the Board, in its second decision, erred in refusing to uphold WCJ Lundy's award of counsel fees based upon 20% of Referee Hagan's initial award, minus the $568.79 already paid.

Accordingly, we reverse the Board's decision in part and reinstate WCJ Lundy's decision in its entirety.

**ORDER**

AND NOW, this 15th day of April, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed in part and we reinstate WCJ Lundy's decision of March 25, 1994 in its entirety.

PELLEGRINI, J., dissents.