595 A.2d 680

**ALLEGHENY LUDLUM, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PAVLIK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 1991.

Decided July 12, 1991.

Lawrence J. Baldasare, Pittsburgh, for petitioner.

J. Scott Leckie, Washington, Pa., for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Allegheny Ludlum, Inc. (Employer), Self–Insured, appeals a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order on the petition of Andrew S. Pavlik, (Claimant), seeking penalties as provided under Sections 430, 435 and 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 971, 991, 996 (Act).

This Workmen's Compensation, Occupational Disease case involves disability from silicosis suffered by Claimant as a welder during his employment with Employer, the date of principal occupational disease disability having been fixed

at January 26, 1977. This case has had two courses of litigation. The first proceeding concerned a Petition for Disability Benefits under Section 108(k) of the Act, 77 P.S. § 27.1(k), for an award of benefits for disability connected with the occupational disease, silicosis. That proceeding was concluded by the decision of this Court on May 3, 1985, *Allegheny Ludlum Steel Corp. v. Workmen's Compensation Appeal Board (Pavlik)*, 89 Pa.Commonwealth Ct. 121, 491 A.2d 968 (1985). The principal and basically sole issue before this Court at that time was whether or not proper notice was given by Claimant, and the decision in favor of Claimant on that issue was affirmed.

The second proceeding, the instant one, arises on a Petition filed October 3, 1986, after the conclusion of the first proceeding, seeking the assessment and imposition of penalties against Employer for alleged violations, entitled: PETITION FOR FINDING OF VIOLATION OF THE TERMS OF THE PENNSYLVANIA WORKMEN'S COMPENSATION ACT AND/OR REGULATIONS AND/OR ASSESSMENT OF PENALTIES. Proceedings on this latter petition before the Referee resulted in a decision, dated October 18, 1988, assessing various penalties in favor of Claimant, which on appeal was affirmed by the Board in an Opinion dated March 30, 1990. Before us here is the challenge by Employer to the Board's action in affirming the Referee's penalties decision.

An essential factor involved here, and basically the sole issue considered by the Board, aside from affirming the Referee without change, arises out of payments by Employer through its pension system during the early period of Claimant's disability from July 20, 1977 to September 30, 1985, which payments totalled $57,243.24. Referee's Finding of Fact No. 13. Although the pension payments were not quite equivalent to Workmen's Compensation payments due for that period, Employer contends that it is entitled to have full relief from Workmen's Compensation payments during that period because the gross amount of pension payments, $57,243.24, plus accrued interest thereon, sug-

gested by Employer to be payable, would equal the full amount of all weekly compensation payments due during that period; and, also, since Claimant had this money in hand at that time, and thereafter, no interest would be payable thereon under the Act. *See* Section 406.1 of the Act, 77 P.S. § 717.1.

In reviewing that portion of the record which must enter into our determinations here, we note that there are hiatuses in payments, periods when supersedeas was granted fully and in part, and periods when no supersedeas was granted. In any event, the following are the principal Referee's findings of fact, conclusions of law and order which are involved in this case:

## FINDINGS OF FACT NOS. 17 AND 21

17. Claimant does not dispute that the pension plan provides for an offset of pension benefits when there is payment of compensation for any concurrent period of time and he knows that he may have a duty to repay the pension fund whenever he is paid the compensation to which he is entitled. There is no evidence of record in the proceedings that Defendant claimed a credit against payment of compensation at any time and credit was not addressed in the Referee's Decision of September 29, 1982 ... *The Defendant cannot legally unilaterally take a credit* or to [sic] make modification of the Referee's award. (Emphasis in original.)

\* \* \* \* \* \*

21. This Referee finds as a fact that the defendant did have a reasonable contest in contesting claimant's Petition for Penalties.

## CONCLUSIONS OF LAW NOS. 2—4

2. The defendant has failed to comply with the terms of Section 430 of the Act by failing to pay compensation when due, failing to pay statutory interest when it did pay certain deferred installments of compensation and

failing to pay attorney's fees and costs following the Board's Decision on October 20, 1983, or at any time thereafter, thereby violating Section 430 of the Act.

3. Defendant's failure to comply with the Referee's Decision violates Section 430 of the Act, and this Referee will impose a penalty of 10% on all deferred compensation, interest, and costs which are owed to the claimant, pursuant to Section 435 of the Act.

4. Claimant's counsel fees of 20% of all deferred compensation interest and penalties due to be paid under the Petition are hereby approved.[1]

## ORDER

AND now, this 18th day of October, 1988, Claimant's Petition for Penalties is hereby approved. Defendant is directed to pay claimant the following benefits:

1. Compensation at the rate of $171.00 per week from June 20, 1977 to January 26, 1982, with statutory interest thereon;

2. Compensation at the rate of $25.65 per week from January 26, 1982 to October 10, 1985, plus statutory interest thereon;

3. Claimant's attorney's fee of $4,001.40.

4. Claimant's Bill of Costs of $111.00.

The defendant is further directed to pay a penalty of 10% of all payments itemized immediately above, and pay this fee to the claimant pursuant to Section 435(d)(i) of the Act.

The defendant shall deduct from compensation, interest, costs or penalties due and owing; which this Order directs to be paid to the claimant, an amount equivalent to 20% and pay the same direct to claimant's counsel.

Examining the ORDER quoted above, we will deal first with questions as to the validity of items 3 and 4 and the penalties and interest assessed thereon.

---

1. We note that all counsel fees in this case were assessed against Claimant. *See* Finding of Fact No. 21, Conclusion of Law No. 4 and ORDER No. 4 (Paragraph 2), all quoted above.

First, as to Item 3 of the ORDER, the counsel fee of $4,001.40 was assessed to be paid out of Claimant's compensation; and like the 20% fee assessed also out of Claimant's benefits in the last paragraph of Item 4 of the ORDER, these items are admittedly not subject to penalties under Section 435(d)(i) of the Act which reads, in pertinent part:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: ...

The Claimant's admission in his Brief at pages 16–17 reads:

The Claimant reluctantly agrees with the employer that since the attorney fee approved by Referee Darkins was to be deducted from compensation otherwise payable to him, and thus was not awarded against the employer, the fee does not qualify as part of the "amount awarded" as contemplated by Section 435(d)(i) of the Act. Consequently, the attorney fee can not be the subject of a separate, additional penalty assessment.[2]

▇▇ We note that where attorney's fees are assessed against the employer, they cannot be assessed as payable out of the penalty fund and interest is not payable on such counsel fees, *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.)*, 75 Pa.Commonwealth Ct. 504, 462 A.2d 909 (1983), but interest is payable on such fees when the fees are deducted from Claimant's compensation benefits. *Lerner v. Workmen's Compensation Appeal Board*, 35 Pa.Commonwealth Ct. 300, 386 A.2d 1038 (1978). Accordingly, we will reverse in part, denying interest and penalties on counsel fees.[3]

We come now to the principal issue involved here, the issue of credit. Initially, we note that Commissioner Ur-

---

2. While this speaks to Item 3 of the ORDER, it obviously applies equally to the counsel fee payable by Claimant under the last paragraph of Item 4 of the ORDER.

3. We note that under the referee's Finding of Fact No. 21, quoted above, no counsel fees could be assessed against Employer under Section 440 of the Act, 77 P.S. § 996.

ling's thorough opinion discusses and disallows a credit for the pension payments in relief of workmen's compensation payments due and payable during the period of pension payments, from July 20, 1977 to September 30, 1985.

While Commissioner Urling discusses at length, citing applicable authorities, questions as to credit to Employer for the pension payments and, in the alternative, subrogation for such payments under paragraph 2 of Section 319 of the Act, 77 P.S. § 671, we must disagree with the Commissioner's decision that Employer is not entitled to credit or relief from workmen's compensation payments to the extent of its timely payments of pension benefits. Moreover, we disagree that Employer would be assessed a penalty measured by the pension payments during the period of such payments.[4]

In our opinion, this issue must be resolved on the basis of the agreement entered into by and between Employer and its employees, including Claimant. The pertinent part of this agreement is stated in Employer's brief, as follows:

> The Claimant retired from Allegheny Ludlum on May 31, 1975. Subsequent to his retirement the Claimant applied for occupational disease benefits. At the time the Claimant applied for benefits the Employer's pension plan which was negotiated through the collective bargaining process provided in pertinent part:
>
>> *Any amount paid to* or on behalf of *any participant on account of injury or occupational disease incurred in the course of his employment* ... causing disability in the nature of permanent disability, whether pursuant to Workmen's Compensation, Occupational Disease or similar statutory law ... *shall be deducted*

---

**4.** This appears to provide to Claimant a form of unjust enrichment disapproved in our decision, *Heiser v. Workmen's Compensation Appeal Board (Westmoreland Casualty Co.)*, 95 Pa.Commonwealth Ct. 350, 357, 505 A.2d 1060, 1063 (1986), where we stated that the Claimant should be "recompensed for his injuries without being unjustly enriched at another's expense," but "this compensation [may] not represent a double payment for the same injuries."

*from or charged against the amount* [of pension] determined in accordance with [this agreement]....
(Paragraph 3.10 of Pension Agreement, emphasis added.)

That the Claimant's disability here is permanent as well as total is not questioned. *See* Referee's Finding of Fact No. 6, decision dated September 21, 1982.

■ It is our conclusion, in light of the pension agreement and other circumstances in this case, that the pension payments here must be treated as made in lieu of compensation rather than merely as credits or subrogation under Section 319, second paragraph,[5] and, therefore, must be credited on and in relief of Employer's obligation to pay workmen's compensation benefits. Otherwise, this self-insurer would pay twice for the same disability contrary to the agreement and in unjust enrichment of Claimant. *Heiser.*

The support for the pension payments here to be credited as payments in lieu of compensation has long been provided by our Courts in Pennsylvania. *See Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa.Superior Ct. 165, 38 A.2d 337 (1944). More recently in *Marshall v. Workmen's Compensation Appeal Board (Gulf & Western Industrial Products Co.)* 79 Pa.Commonwealth Ct. 128, 131, 468 A.2d 1164, 1165–1166 (1983), the Court relied upon and quoted with approval a portion of the *Creighton* opinion as follows:

> The claimant argues that the Board erred in allowing the pension payments to operate as a set-off against the compensation payments. In *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa.Superior Ct. 165, 38 A.2d 337 (1944), our Superior Court held as follows:
>
> [W]hen an employee is *totally disabled* and the employer, while denying any liability for workmen's compensa-

---

**5.** Section 319, second paragraph, provides, under limited circumstances, a form of subrogation to an insurer for payments financed by Employer for an ailment deemed non-work-related, but where the disability is subsequently found to be compensable as work-related, the reimbursement to such a medical supplier is from the claimant's compensation benefits.

tion, nevertheless pays the employee regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or exceeded the compensation payable. (Emphasis in original.)

Pursuant to the foregoing, we hold that: (1) on the facts and circumstances in this case, credit for pension payments must be granted in relief of weekly compensation benefits payable during the period of pension payments, July 20, 1977 to September 30, 1985, without interest or penalties payable to Claimant on such credits and without interest allowable to Employer on such pension payments; but, interest as provided in Section 406.1 of the Act, 77 P.S. § 717.1, and penalties fixed by the referee and affirmed by the Board, are approved by this Court as assessed on those portions of weekly benefits that are payable and remain unpaid since due, and not provided by pension payments or delayed and unpaid to the extent of supersedeas applications duly granted; (2) the assessment of penalties and interest levied against counsel fees payable by Claimant (also payable in this case) is in error and is reversed; (3) in all other respects the order of the Board is affirmed. The case will therefore be remanded for computation of compensation due and penalties and interest thereon; and counsel fees payable at the 20% rate agreed upon, solely assessed out of Claimant's compensation now payable, plus interest thereon, but without any penalties with regard to such counsel fees.

## ORDER

NOW, July 12, 1991, the order of the Workmen's Compensation Appeal Board as of No. A–97774, dated March 30,

228

1990, is reversed in part and affirmed in part, and is remanded in accordance with the foregoing opinion.

Jurisdiction is relinquished.