**STATE**

v.

**Michael VENDETTI.**

**No. 94–7–C.A.**

Supreme Court of Rhode Island.

March 16, 1995.

Jeffrey Pine, Atty. Gen., Jane McSoley, Asst. Atty. Gen., Robert J. Durant, Jr., Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Mark L. Smith, Lynn Bouvier Kapisicas, Law Offices of Mark Smith, North Smithfield, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on February 21, 1995, pursuant to an order directing the defendant, Michael Vendetti, and the state to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from the denial of his motion for a new trial following his conviction of knowingly and unlawfully permitting certain buildings controlled by him to be used for the unlawful sale, use, and keeping of a controlled substance, cocaine, in violation of G.L.1956 (1989 Reenactment) § 21–28–4.06(2)(b).

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, this court concludes that cause has not been shown. The issues of the case will be decided at this time.

The defendant, following his conviction in Superior Court, filed a motion for a new trial on the basis of newly discovered evidence. The newly discovered evidence was alleged to be that a certain individual, who was a principal witness against defendant in his trial, did not enjoy a reputation of honesty with the Woonsocket police. Although the trial justice appears to have acknowledged that the evidence was indeed newly discovered and might in fact have affected the verdict, because it was merely impeaching evidence of a witness who testified against defendant, it would not entitle defendant to a new trial. The defendant argues that it was not merely impeaching evidence but rather material evidence that the police should have disclosed in pretrial discovery in response to his motion for all exculpatory evidence.

This court said in *State v. Estrada*, 537 A.2d 983, 986 (R.I.1988):

"Under [*State v.*] *Brown* [528 A.2d 1098 (R.I.1987)] newly discovered evidence serves as the basis for a new trial if it satisfies a two-part test. The threshold test consists of four factors: (1) the evidence must actually be newly discovered since trial, (2) the defendant must have been diligent in attempting to discover the evidence for use at the original trial, (3) the evidence must not be merely cumulative or impeaching but must be material to the issue, and (4) the evidence must be of the kind that would probably change the verdict at a new trial. *Brown*, 528 A.2d at 1104. If the evidence satisfies this threshold test, the second part of the test requires the trial justice to decide whether the evidence is credible enough to warrant a new trial. *Id.* When making this assessment, the trial justice must exercise his or her independent judgment about the credibility of witnesses and the weight to be given their testimony. *Id.*"

It is the opinion of the court that the evidence referred to in defendant's motion is clearly impeaching evidence. The defendant could have used that evidence only to impeach the credibility of one witness who testified against him at trial.

Our review of the record discloses that other sufficient evidence existed on which the jury could rely in finding that the defendant had knowingly permitted the apartment building to be used for the unlawful sale of narcotics. The testimony of two members of the Woonsocket police department would have established that fact. It appears, therefore, that the defendant has failed to satisfy the threshold test outlined in *State v. Brown* and his motion for a new trial was properly denied.

For these reasons the defendant's appeal is denied and dismissed, the judgment ap-

pealed from is affirmed, and the papers of the case are remanded to the Superior Court.