**BETHLEHEM STEEL CORPORATION,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL
BOARD (GOUNARIS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1998.

Decided July 24, 1998.

Ralph J. Trofino, Johnstown, for petitioner.

Signe B. O'Brien, Pittsburgh, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Bethlehem Steel Corporation (Employer) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of the workers' compensation judge (WCJ) to dismiss Employer's modification petition in which Employer sought a credit against its workers' compensation obligation. We affirm.

On December 20, 1989, while employed in Employer's Freight Car Division, Charles Gounaris (Claimant) sustained a work-related injury to his left knee, for which he began receiving workers' compensation benefits. (WCJ's Findings of Fact, No. 3.) On January 1, 1991, Claimant qualified for, and began receiving, a permanent incapacity (disability) pension from Employer.[1] (WCJ's Findings of Fact, No. 4.) On March 23, 1994, Employer filed a modification petition alleging that it is entitled to a credit against Claimant's workers' compensation benefits for the disability pension payments paid to Claimant; Claimant filed an answer denying that Employer is entitled to a credit. (WCJ's Findings of Fact, Nos. 1, 2.) A hearing was held before a WCJ, whose relevant findings of fact are as follows:

> 4. In support of its Petition, the Employer offered the deposition testimony of Michael P. Dopera, the Employer's Manager of Pensions and Benefits Communications. His testimony is credible. Based

1. The Pension Agreement, effective July 31, 1990, under which Claimant was covered, resulted from a collective bargaining agreement between Employer and the United Steelworkers of Amer-

ica. (R.R. at 130a–31a; 146a.) We note that Claimant was also eligible for a 30 year retirement pension under the Pension Agreement. (R.R. at 181a.)

upon his testimony, he finds (1) that the Employee was employed in the Freight Car Division and qualified for a permanent incapacity pension on January 1, 1991 pursuant to the July 31, 1990 Pension Agreement; (2) that the permanent incapacity pension is funded solely by the Employer and is available whether the incapacity is occupational or non-occupational; (3) that to qualify for the permanent incapacity pension, the Employee must have completed 15 years of continuous service and must have a permanent incapacity which continues for a period of 5 months and will continue for the remainder of the Employee's life in the opinion of a qualified physician.

On cross-examination, Mr. Dopera admitted that Section 3.10 of the July 31, 1990 Pension Agreement does not permit offset of the permanent incapacity pension by the amount of workers' compensation benefits until the Employee attains age 65.

5. Section 3.10 of the July 31, 1990 Pension Agreement, which was negotiated through the collective bargaining process, provides in relevant part:

**Deduction of Disability Payments**

Any amount paid to or on behalf of any participant on account of injury or occupational disease incurred in the course of his employment ... causing disability in the nature of a permanent disability, whether pursuant to Workers' Compensation ... shall be deducted from or changed [sic] against the amount determined in accordance with paragraphs 3.3(b), (c) and (d) and paragraphs 3.4 or 3.5 [concerning amount of pension]; provided, however, ... *that any payments received by the participant under such laws shall not bed [sic] deducted from any such amount for permanent inca-*

*pacity retirement payable prior to age 65* or from the increase in pension provided by paragraph 3.4. (Emphasis added).

6. This Judge finds that the Pension Agreement prohibits a credit for permanent incapacity payments against workers' compensation benefits until the Employee obtains age 65.

7. The Employee was born on December 26, 1930 and is currently 64 years old.

(WCJ's Findings of Fact, Nos. 4–7.)

Accordingly, the WCJ dismissed Employer's modification petition, concluding:

2. Section 3.10 of the Pension Agreement specifically prohibits any offset between the permanent incapacity pension payments and the workers' compensation payments.

. . .

4. Furthermore, even if Section 3.10 of the Pension Agreement were contrary to the Act and unenforceable, the permanent incapacity pension at issue is an accrued entitlement which has built up as a result of the Employee's services for the Employer, and accordingly, the Employer is not entitled to a credit or offset.

(WCJ's Conclusions of Law, Nos. 2, 4.)

Employer appealed to the WCAB which affirmed, concluding that the disability pension was an accrued entitlement. Employer now appeals to this court.[2]

■ In deciding whether Employer is entitled to a credit, the critical determination to be made is whether the permanent incapacity pension payments are in the nature of wages for work performed[3] or are in lieu of compensation.[4] *See Toborkey v. Workmen's*

---

2. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. *Toborkey v. Workmen's Compensation Appeal Board (H.J.Heinz)*, 655 A.2d 636 (Pa.Cmwlth.), *appeal denied*, 541 Pa. 655, 664 A.2d 544 (1995).

3. Payment in the nature of wages is compensation for work or services performed for an employer over a period of time. *Temple v. Depart-*

*ment of Highways*, 445 Pa. 539, 285 A.2d 137 (1971).

4. Payments made in lieu of compensation are " 'any voluntary or informal compensation, apart from the [Workers' Compensation] Act, paid with the intent to compensate for a work-related injury.' " *Pittsburgh Steelers Sports, Inc. v. Workmen's Compensation Appeal Board (Erenberg)*, 145 Pa.Cmwlth. 547, 604 A.2d 319, 322 (quoting *NUS Corp. v. Workmen's Compensation Appeal Board (Garrison)*, 119 Pa.Cmwlth. 385, 547 A.2d

*Compensation Appeal Board (H.J.Heinz)*, 655 A.2d 636 (Pa.Cmwlth.), *appeal denied*, 541 Pa. 655, 664 A.2d 544 (1995); *see also Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board (Keith)*, 65 Pa. Cmwlth. 119, 441 A.2d 1364 (1982). If the permanent incapacity pension is an accrued entitlement built up as a result of Claimant's services for Employer, i.e., in the nature of wages, Employer is precluded from setting the pension payments off against Claimant's workers' compensation benefits; on the other hand, if Employer made the permanent incapacity pension payments in relief of Claimant's inability to labor as a result of his work injury, i.e., in lieu of compensation, Employer is entitled to the offset. *See Toborkey; see also Hildebrand v. Workmen's Compensation Appeal Board (Fire Department/City of Reading)*, 111 Pa.Cmwlth. 24, 532 A.2d 1287 (1987).

We agree with the WCAB that this case is similar to *Toborkey* and that the pension benefit at issue here is an accrued entitlement. In *Toborkey*, the employer's retirement plan offered employees three options, one of which was a disability pension. The disability pension was available if the employee: (1) had at least ten years of service; and (2) was totally disabled, regardless of cause. During the first two to three years of the claimant's service, employees contributed to the disability pension; however, thereafter, the plan became employer-funded pursuant to a collective bargaining agreement. In addition, disability pension payments were calculated based upon years of service. This court concluded that the employer was not entitled to a credit because the claimant's disability pension was: (1) an accrued entitlement built up as a result of the claimant's services; (2) a benefit to which the claimant would have been entitled, regardless of whether his disability was compensable; and (3) deferred compensation, rather than pay-

ments made in relief of the claimant's inability to labor.

Similarly, here, Claimant's pension benefits are dependent upon his years of service. To be eligible for the permanent incapacity pension, one requirement was that Claimant have at least fifteen years of service with Employer. In addition, the amount of Claimant's monthly pension benefit is calculated based upon his years of service. Moreover, we note that pension is defined as " 'deferred compensation for services rendered.' " *Toborkey*, 655 A.2d at 639 (quoting Black's Law Dictionary 1021 (5 th ed.1979)). Also, as in *Toborkey*, Claimant here would be entitled to the disability pension regardless of whether his disability was compensable; thus, Claimant's pension payments cannot be payments made in lieu of compensation.[5]

That the pension payments here are not in lieu of compensation is also consistent with this court's decision in *Allegheny Ludlum, Inc. v. Workmen's Compensation Appeal Board (Pavlik)*, 141 Pa.Cmwlth. 219, 595 A.2d 680 (1991), in which we considered this same credit issue. The pension agreement in that case provided, "[a]ny amount paid to ... any participant on account of injury or occupational disease incurred in the course of his employment ... shall be deducted from or charged against the amount [of pension] ...." *Id.* 595 A.2d at 684 (emphasis in original). Based on this language, this court concluded that the pension payments were in lieu of compensation and, thus, allowed the employer a credit. Here, however, the Pension Agreement has no such language pertaining to workers' compensation benefits received prior to age 65; in fact, the Pension Agreement provides just the opposite — that workers' compensation benefits shall *not* be deducted from the disability pension payments prior to age 65. Thus, under the

806, 809 (1988)), *appeal denied*, 530 Pa. 662, 609 A.2d 170 (1992).

**5.** We disagree with Employer that this case is similar to *Murhon v. Workmen's Compensation Appeal Board (Kawecki Berylco, Inc.)*, 152 Pa. Cmwlth. 229, 618 A.2d 1178 (1992), *appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994). Unlike the pension plan here, the "pension" in *Murhon* was not payable upon retirement, but rather

upon, and only for the duration of, the disability. In addition, unlike the pension in *Murhon*, the amount Claimant receives is the amount accrued during his years of service. Finally, we note that the claimant in *Murhon* received the disability pension during a period which the employer contested liability for the injury; here, Employer did not contest Claimant's injury.

rationale in *Allegheny Ludlum,* the disability pension payments here are not payments made in lieu of compensation.

■ For the foregoing reasons, we conclude that Claimant's permanent incapacity pension payments are in the nature of wages for work performed; thus, Employer is not entitled to a credit and may not offset its workers' compensation obligations by its payment of disability pension benefits. Accordingly, we affirm the order of the WCAB.[6]

### ORDER

AND NOW, this 24th day of July, 1998, the order of the Workers' Compensation Appeal Board, dated November 26, 1997, at No. A95–4753, is hereby affirmed.

---

**6.** Employer also argues that the WCJ erred in finding and concluding that the Pension Agreement prohibits a credit for permanent incapacity pension payments against workers' compensation benefits prior to age 65. Employer argues that, whereas the Pension Agreement prohibits Employer from *deducting* the amount of Claimant's *workers' compensation* benefits *from* Claimant's *pension payments* prior to Claimant reaching age 65, Employer seeks to *deduct* the disability *pension benefits* paid to Claimant *from* the amount of the *workers' compensation* payments owed to Claimant. We recognize the distinction; however, we cannot ignore the fact that the Pension Agreement allows an employee to receive both workers' compensation benefits and disability pension benefits, permitting Employer to deduct workers' compensation benefits from only permanent incapacity pension benefits and *only after* the permanent incapacity retiree reaches age 65. Given this, we conclude that the Pension Agreement's terms allow a permanent incapacity retiree to receive *both* his or her disability pension and workers' compensation benefits prior to age 65. *See* 1 Pa.C.S. § 1921 (stating that where certain items are specifically designated in a statute, all omissions should be understood as exclusions); *Latella v. Unemployment Compensation Board of Review,* 74 Pa.Cmwlth. 14, 459 A.2d 464 (1983) (stating that where certain items are specifically designated in a statute, all omissions should be understood as exclusions). In fact, we note that had Claimant applied for the 30 year pension, instead of the disability pension, his monthly pension payments of $781.85 would have been reduced by the amount of Claimant's workers' compensation benefit ($1,729.00 per month) pursuant to section 3.10 of the plan; thus, Claimant would not have received any pension. (R.R. at 182a; 199a.)