**DANA CORPORATION, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Beck),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 2001.

Decided Aug. 23, 2001.

Robert J. Benischeck, Fort Washington, for petitioner.

Thomas J. O'Brien, Philadelphia, for respondent.

Before SMITH, Judge, FRIEDMAN, Judge, McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Dana Corporation (Employer) petitions for review of a December 1, 2000 order of the Workers' Compensation Appeal Board (WCAB) affirming a determination by the workers' compensation judge (WCJ) that Employer was not entitled to a credit for supplemental unemployment benefits paid to Robin Beck (Claimant) under section 204(a) of the Workers' Compensation Act (Act).[1] We affirm.

On April 23, 1997, Claimant filed a Claim Petition alleging that he suffered a disabling work-related injury to his low back and left foot on April 29, 1994. Employer denied all material allegations in the Claim Petition. After hearings on the matter, the WCJ granted Claimant's Claim Petition, finding that Claimant was totally disabled for a closed period from June 13, 1994 to December 10, 1994. (WCJ's Conclusions of Law, No. 2.)

The WCJ found that, during the time of Claimant's total disability, Claimant received certain sickness and accident disability benefits and unemployment compensation benefits. In addition, he received supplemental unemployment benefit (SUB) payments pursuant to his union contract. (WCJ's Findings of Fact, No. 9.) The WCJ credited the amounts received for sickness and accident and unemployment compensation against Employer's workers' compensation liability to Claimant but did not allow a credit for the SUB payments. (WCJ's Findings of Fact, No. 9; Conclusions of Law, No. 4.)

Employer appealed to the WCAB from that portion of the WCJ's decision disallowing credit for the SUB payments. The WCAB affirmed, relying on this court's decision in *Occidental Chemical Company v. Workers' Compensation Appeal Board (Knight)*, 756 A.2d 152 (Pa.Cmwlth.2000).

Employer now petitions this court for review,[2] arguing that section 204(a) of the

---

**1.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(a).

**2.** Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has

Act entitles it to credit for SUB payments made to Claimant and that the WCAB erred in applying *Occidental* "because that decision relied on pre-Act 44 [3] precedent to decide a claim, involved a pre-Act 44 injury, and did not address the application of Act 44's Section 204(a) to a claim of credit for SUB pay." (Employer's brief at 8.)

Originally, the Act specifically provided that unemployment compensation benefits would be credited only against occupational disease awards.[4] However, section 4 of Act 44 of 1993 amended section 204 to provide employers with the right to such a credit in instances of awards for partial or total disability as well.[5]

■ The question now before us is whether SUB payments constitute "unemployment compensation benefits" as the term is used in section 204(a). In support of its position, Employer points out that the wording of section 204(a) does not specifically limit itself to benefits paid un-

der the Unemployment Compensation Law [6] of this Commonwealth, that reference to "unemployment compensation benefits" is made in all lowercase letters, and that the legislature did not use the official short title or citation to the Unemployment Compensation Law, as it often does in other sections of the Act. We are unpersuaded by these arguments.

We cannot agree that merely because the wording of section 204(a) does not specifically limit itself to benefits paid under the Unemployment Compensation Law of this Commonwealth, we must interpret this statute broadly to include all other benefits paid to a person as a result of unemployment. To the contrary, had the legislature intended section 204(a) to include supplemental benefits paid through a union contract or some other source, it would have said so.

When such elaboration is not provided, the rules of statutory construction require

been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. Act of July 2, 1993, P.L. 190.

4. Prior to the passage of Act 44, section 204 of the Act, 77 P.S. § 71, (emphasis added), read as follows:

No agreement, composition, or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth. The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three hereof; and any release executed in consideration of such benefits shall be void: Provided, however, That *if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of section 108* [Section 108 of the Act, 77 P.S. § 27.1,

concerns benefits for certain occupational diseases.]

5. The amended section 204(a) went into effect on August 31, 1993. In that amendment, the General Assembly redrafted the last sentence of section 204(a) (emphasis added) to read as follows:

Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of sections 108 *and 306, except for benefits payable under section 306(c) or 307.* [Section 306(a), 77 P.S. § 511, pertains to total disability benefits, and section 306(b), 77 P.S. § 512, pertains to partial disability benefits. Section 306(c), 77 P.S. § 513, establishes the benefit rates for specific loss injuries; Section 307, 77 P.S. § 561, involves compensation to certain individuals upon the death of an employee.]

6. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

that words and phrases be construed "according to their common and approved usage." 1 Pa.C.S. § 1903(a). Benefits paid under the Unemployment Compensation Law are commonly known as "unemployment compensation." In fact, although a person's unemployment may well entitle the employee to other benefits, none of these other benefits are referred to as "unemployment *compensation.*" [7] Moreover, the precise phrase, "unemployment compensation," uncapitalized and without reference to the short title or official citation, is used consistently throughout the Unemployment Compensation Law and other Pennsylvania statutes to refer to benefits paid pursuant to the Unemployment Compensation Law of this Commonwealth. *See, e.g.,* section 402.6 of the Unemployment Compensation Law, *added by* section 2 of the Act of October 30, 1996, P.L. 738, 43 P.S. § 802.6; section 1 of the Act of August 24, 1961, P.L. 1135, 24 P.S. § 588.1; section 3 of the Act of December 20, 1985, P.L. 492, *as amended,* 24 P.S. § 6203; section 2 of the Act of October 22, 1986, P.L. 1452, *as amended,* 24 P.S. § 6402; sections 4302, 4377, 4393 of the Domestic Relations Code, 23 Pa.C.S. §§ 4302, 4377, 4393; and section 327 of the Fish and Boat Code, 30 Pa.C.S. § 327. There is no reason for this court to assign a different meaning to the phrase for purposes of section 402(a) of the Act.

Having concluded that the SUB payments are not unemployment compensation within the meaning of section 204(a) of the Act, we believe the WCAB correctly applied *Occidental* to this case.

 Case law has recognized that, in certain circumstances, employers may be entitled to a credit for a variety of employer-funded benefit payments made to injured employees. *See, e.g. Workmen's Compensation Appeal Board v. Olivetti Corporation of America,* 26 Pa.Cmwlth. 464, 364 A.2d 735 (1976) (holding that monthly payments from the employer's non-occupational sickness and accident insurance carrier could be credited against workers' compensation award made to the claimant). The test for whether an employer may be credited for such payments originated in *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa.Super. 165, 38 A.2d 337, 341 (1944), in which the superior court held that an employer may be entitled to a credit against its workers' compensation liability for payments made "in lieu of compensation" but may not have a credit for payments made in the nature of wages for work performed. Payments are "in lieu of compensation" if they are made in relief of the claimant's inability to work. *Toborkey v. Workmen's Compensation Appeal Board (H.J.Heinz),* 655 A.2d 636 (Pa.Cmwlth.) *appeal denied,* 541 Pa. 655, 664 A.2d 544 (1995). Payments are in the nature of wages if they are an entitlement accrued as a result of a claimant's services for the employer. *Id.*

In *Occidental,* this court applied the *Creighton* test to SUB payments in order to determine whether the employer was entitled to a credit. In doing so, we noted testimony of the employer's human resources supervisor that SUB payments were benefits which accumulated as a result of work the claimant performed for the employer over the course of time and which were intended as a supplement to state unemployment compensation. We also noted that, in the course of collecting SUB payments, the claimant was forced to deplete much of this "exhaustible benefit

---

**7.** Indeed the contractual benefits for which Employer seeks a credit in this case are never referred to as such. The acronym SUB stands for "supplemental unemployment benefits." SUB payments are not themselves unemployment compensation; they are merely a supplement to unemployment compensation.

which would otherwise have remained available to him in the event of a future lay-off." *Occidental,* 756 A.2d at 155. Accordingly, we concluded that the SUB payments were "in the nature of wages" and, therefore, not to be credited against the employer's workers' compensation liability. *Id.*

 Frank Lechlak, Employer's human resource manager whose responsibilities included administration of the SUB plan, provided testimony in this case.[8] Lechlak testified that the SUB plan was negotiated as part of the union contract with Employer, its purpose being to supplement the state system of unemployment benefits. Under this plan, employees receive one-tenth of a SUB credit for every eight hours they work and may accumulate up to fifty-two credits. (R.R. at 71a.) Employees who claim SUB benefits must expend one credit for each week they receive payment. (R.R. at 71a.) Our review of the record shows that here, as in *Occidental,* SUB payments are an accrued entitlement built up as a result of Claimant's services for Employer and that Claimant's receipt of the SUB payments required him to expend an exhaustible benefit which could have been used for other purposes. Thus, the SUB payments were "in the nature of wages," and Employer is not entitled to a credit for the SUB payments.

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of August, 2001, the order of the Workers' Compensation Appeal Board, dated December 1, 2000 at No. A98–0945, is hereby affirmed.

---

8. In proceedings before the WCAB, the parties stipulated that Lechlak's deposition testimony from two similar cases, along with exhibits of the SUB agreement between Employer and the union, should be added to the record. (R.R. at 45a–46a.)