**Charles CHRISTY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PHILADELPHIA GEAR CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 4, 2009.

Decided March 12, 2010.

Marianne Henry, Philadelphia, for petitioner.

David T. Latoff, Blue Bell, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Charles Christy (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that denied Claimant's petition to review benefit offset and his two penalty petitions. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Philadelphia Gear Corporation (Employer) was entitled to offsets for severance payments, Employer-funded pension payments, and old age Social Security payments under Section 204(a) of the Workers' Compensation Act (Act).[1] Finding no error, we affirm the decision of the Board.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a). Section 204(a) states in relevant part:

> [I]f the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of sections 108 and 306, except for benefits payable under section 306(c) or 307. Fifty per centum of the benefits commonly characterized as "old age" benefits under the Social Security Act (49 Stat. 620, 42 U.S.C. § 301 et seq.) shall also be credited against the amount of the payments made under sections 108 and 306, except for benefits payable under section 306(c): Provided, however, That the Social Security offset shall not apply if old age Social Security benefits were received prior to the compensable injury. The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award made under sections 108 and 306, except for benefits payable under section 306(c). The employe shall provide the insurer with proper authorization to secure the amount which the employe is receiving under the Social Security Act.

77 P.S. § 71(a).

The facts are as follows. On February 25, 1991, Claimant suffered an injury to his left knee while working as a skilled machinist for Employer. Employer accepted liability for the injury and began paying Claimant temporary total disability benefits at the rate of $436 per week. On July 29, 1991, Claimant returned to his pre-injury position with no loss of wages, and his benefits were suspended.

On August 26, 1996, Claimant suffered a work-related injury to his right knee. Employer accepted liability for the injury and began paying Claimant total disability benefits at the rate of $480.61 per week. Claimant later returned to work, with restrictions. In time, Claimant's benefits were suspended when he began receiving wages equal to or greater than his pre-injury wages.

On February 28, 1999, Claimant retired at the suggestion of his treating physician, Evan Kovalsky, M.D. Claimant suffered from significant degenerative joint disease, and Dr. Kovalsky opined that Claimant would need bilateral knee replacement if he did not retire.

On April 9, 1999, Claimant filed two reinstatement petitions, alleging that he was totally disabled as a result of both of his prior knee injuries. The WCJ agreed and granted the petitions.[2] Recognizing that a claimant may not receive two concurrent awards, the WCJ awarded total disability benefits at the 1996 compensation rate of $480.61 per week because it was higher than the 1991 compensation rate of $436 per week. The Board affirmed, and the reinstatement is not at issue.

The present appeal concerns whether Employer is entitled to certain offsets against the weekly compensation payment of $480.61. Prior to 1996, an employer was permitted to take an offset against disability compensation owed to an injured worker for other disability-type payments the employer paid that worker. *Bethlehem Steel v. Workers' Compensation Appeal Board (Gounaris)*, 714 A.2d 550, 551–52 (Pa.Cmwlth.1998). However, the employer was required to raise the offset right at the "earliest possible stage," so that the WCJ could order the offset along with an award, if any, of benefits. *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.)*, 651 A.2d 701, 703 (Pa. Cmwlth.1994). In 1996, Act 57 was enacted to amend Section 204(a) of the Act to provide that an employer may take offsets against disability compensation on its own initiative without prior authorization from the WCJ. *See* Act of June 24, 1996, P.L. 350, No. 57, 77 P.S. § 71(a), and 34 Pa. Code § 123.4. Thus, the law on offsets is different, depending on whether a work injury occurred before or after the effective date of Act 57.

As a result of the reinstatement grant, the WCJ ordered Employer to pay Claimant $55,951.87 in workers' compensation benefits. On Bureau Form LIBC 756, "Employee's Report of Benefits for Offsets," Claimant reported that he had received a lump sum severance payment in the amount of $6,000; was receiving a pension of $956.98 per month that was fully funded by Employer; and was receiving old age Social Security benefits in the amount of $1,246 a month. Reproduced Record at 83a. Because Section 204(a) provides offset for these benefits, Employer took a credit of $24,130.45, reported in two Notices of Workers' Compensation

---

**2.** It is unclear from reading WCJ Martin Burman's decision whether he meant that each knee injury was separately disabling or that both of them together produced a totally disabling injury. However, both the Board and the parties in their briefs agree that WCJ Burman found that each injury was separately totally disabling.

Benefit Offset it filed with the Bureau. Employer then paid Claimant $25,821.42 of the workers' compensation lump sum award. Claimant challenged Employer's offset in a petition to review benefit offset and in two penalty petitions filed against Employer.

After a hearing, the WCJ held that Employer was entitled to an offset of $44.61 per week, which is the difference between the compensation rates for Claimant's 1996 injury ($480.61 per week) and Claimant's 1991 injury ($436.00 per week). Employer appealed to the Board. It held that Employer had waived its right to claim offsets for the 1991 work injury because it had not raised the issue at the earliest opportunity.[3] Nevertheless, the Board also held that Employer was entitled to offsets for 50% of Claimant's Social Security benefits and 100% of Claimant's severance and pension benefits by reason of Section 204(a) of the Act because the WCJ had awarded benefits at the 1996 compensation rate. Accordingly, Act 57 applied to the WCJ's reinstatement. The Board remanded to the WCJ, and he held that Employer's offset of $24,130.45 was appropriate. The Board then affirmed. Claimant now petitions for this Court's review.[4]

Claimant raises one issue for our consideration. Claimant observes that even though he is receiving compensation for his 1996 injury, he is still entitled to compensation for his 1991 injury. Claimant argues that should his right knee somehow heal, he would be entitled to compensation at the 1991 rate. Therefore, Claimant argues that the WCJ was correct in his initial decision to limit Employer's offset to an amount equal to the difference between the 1991 and the 1996 compensation rates. This is because Claimant is entitled to the 1991 disability compensation, and Employer did not raise the issue of offset while the reinstatement was being litigated.

Claimant concedes that Employer satisfies the requirements in Section 204(a) for an offset with respect to the 1996 injury. He acknowledges that the severance and pension payments were 100% funded by Employer. He also acknowledges that Employer is entitled to take an offset for 50% of Claimant's old age Social Security benefits. However, Claimant does not concede that Section 204(a) applies to his disability compensation benefits.

Claimant suffered a pre-Act 57 injury and a post-Act 57 injury, each of which has been found totally disabling. When there are two injuries that are separately totally disabling, our Supreme Court has directed that compensation should be based on the later-in-time injury until the entitlement to benefits for that injury changes. See L.E. Smith Glass Co. v. Workers' Compensation Appeal Board (Clawson), 571 Pa. 594, 813 A.2d 634 (2002). Benefits for the first injury should be suspended. See id. at 604–05, 813 A.2d at 640. The facts in L.E. Smith Glass Co. are similar to those before us. It follows, then, that the injury that determines the benefit rate should determine all matters related to the benefit, such as offsets.

Here, both parties agree that each of Claimant's knee injuries are totally disabling. However, Claimant is receiving disability compensation based solely on the

---

**3.** The Board's logic in this regard is unclear because until Claimant filed Bureau Form LIBC 756, Employer would not know the full extent of its offset rights.

**4.** Our scope of review of a final order by the Board is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether the order is supported by substantial evidence. 2 Pa.C.S. § 704; *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

1996 injury. It is undisputed that the 1996 injury occurred after June 24, 1996, when Act 57 went into effect. Claimant argues the Board's holding "defies logic," but he does not explain why this is so. Claimant's Brief at 9. It is Claimant's position that lacks logic. He cannot receive the benefit of the higher 1996 rate *and* also avoid the offsets. It is irrelevant that Claimant may be entitled to compensation for the 1991 injury at some later time, because he is currently receiving compensation at the rate established by his 1996 injury, which is controlled by Act 57.

Accordingly, we affirm the Board.

### ORDER

AND NOW, this 12th day of March, 2010, the order of the Workers' Compensation Appeal Board dated June 11, 2009, in the above-captioned matter is hereby AFFIRMED.